### In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.

### In re RESUMPTION OF CURRENT TAX PAYMENTS.

#### No. 70–347.

United States District Court,
E. D. Pennsylvania.

June 10, 1977.

John J. Ehlinger, Jr., Philadelphia, Pa., Charles A. Horsky, Covington & Burling, Washington, D. C., for Penn Central Transp. Co.

Hastings Morse, Asst. Atty. Gen., State of New York, Dept. of Law, Albany, N. Y., for the State of New York.

Douglas G. Sanborn, Deputy Atty. Gen., State of New Jersey, William F. Hyland, Atty. Gen., Trenton, N. J., for the State of New Jersey.

Bruce C. Fishelman, Asst. Corp. Counsel, City of Jersey City, Jersey City, N. J., for the City of Jersey City, New Jersey.

Carl E. Eastwick, Asst. Atty. Gen., Baltimore, Md., State of Maryland, for the State of Maryland.

Douglas MacGillivray, Pros. Atty., Logan County, Bellefontaine, Ohio, for the State of Ohio.

Pace Reich, Deputy City Sol., Philadelphia, Pa., for the City of Philadelphia.

Margaret A. Foster, Kelley, McCann & Livingstone, Cleveland, Ohio, for the Bd. of Ed., Cleveland City School Dist.

Spencer Ervin, Jr., Gratz, Tate, Spiegel, Ervin & Ruthrauff, Philadelphia, Pa., for the New Haven Trustee.

## MEMORANDUM AND ORDER NO. 3012

FULLAM, District Judge.

For the most part, real estate taxes upon the Debtor's property have not been paid since the reorganization petition was filed.[1] The Trustees have recently been authorized to offer to taxing authorities a cash settlement in discharge of all taxes due for the period ending December 31, 1976.[2] Claims for taxes for that period which are not compromised will be disposed of in the Plan of Reorganization which is now being litigated before this Court.

The Trustees have now filed a petition (Doc. No. 12925) seeking permission to pay, on a current basis, all taxes due for the period subsequent to January 1, 1977. Somewhat surprisingly, objections to this proposal have been filed on behalf of several taxing authorities.

While a few of the taxing entities seem to argue that the Trustees should not be permitted to pay 1977 taxes unless they first pay, in full, all taxes for the 1970–1976 period, I find it difficult to believe that this argument is intended as anything more than the assertion that these objectors do not wish to be regarded as having waived whatever objections they may have to the proposed treatment of their tax claims for the 1970–76 period. Of course, no such waiver could be implied. Moreover, an order authorizing the Trustees to pay taxes due after January 1, 1977, would not preclude a particular taxing entity from rejecting such payment (although it would, no

---

1. The tenants of certain mid-Manhattan properties have been permitted to pay real estate taxes directly; and taxes payable by reason of § 605 of the Rail Act, 45 U.S.C. § 794, have been paid since the effective date of that statute.

2. Order No. 2922.

doubt, have a decidedly limiting effect upon later attempts to enforce a claim for such payment). Surely, taxing entities wishing to receive payment of current taxes should not be denied that right merely because some taxing entities feel more sweeping relief should be granted.

Certain taxing entities, principally in the State of Ohio, argue that the Trustees' proposal is unfair because their tax bills for the year beginning January 1, 1977, will not be sent out until December 1977, and will not be payable until some time in 1978. They ask that the Trustees be directed to pay the bills submitted in December 1976 for the year 1976. I do not believe it is possible to honor this request without giving Ohio preferential treatment. Under the Trustees' proposal, all taxing districts would be treated alike, since all would be paid the taxes covering the period after January 1, 1977. Decisions as to when such taxes are billed, and when they are payable, are matters of local law and practice, and not within the control of this Court.

Several taxing authorities, including Ohio, whose taxes for 1977 would not be immediately billable, contend that the Trustees should be required to deposit the full amount of all such taxes in escrow now, so as to provide adequate assurance that they will be paid when due. I decline to impose that condition, which would impermissibly intrude upon the Trustees' management of their cash flow problems. As stated at the hearing, this Court intends to see to it that all such taxes are paid when billed. No additional assurance is necessary, nor would it be feasible at this time.

Finally, several taxing entities, notably those in New Jersey and New York, contend that the Trustees' payments should include interest and penalties, if any, and should not be limited to the principal amount of such taxes, as proposed by the Trustees. There are valid arguments on both sides of this question. The restrictions imposed by Order No. 70 in these proceedings have prevented the Trustees from paying taxes currently. The estate should not be penalized for complying with an order of

this Court. Moreover, serious difficulties are anticipated in ascertaining whether a particular tax claim is an obligation of the Debtor's estate or of ConRail, or partly the obligation of each. Pursuant to the Rail Act, the conveyance of all rail properties to ConRail became effective as of April 1, 1976. However, there remain a vast number of unsettled matters pertaining to the conveyancing documents, and none of the deeds have yet been recorded.

As to the conveyed properties, the taxes accruing from and after April 1, 1976, are the sole responsibility of ConRail. However, because the deeds have not been recorded, these taxes have been, and will be, billed to the Trustees, as in the past. ConRail has taken the position (a) that it will not permit the Trustees to pay any such taxes, subject to later reimbursement by ConRail, but rather insists upon paying them itself; (b) that ConRail will not be responsible for any penalties or interest; and (c) that ConRail will make no payment to any taxing entity which does not execute a waiver, releasing ConRail from all further claims for penalties or interest. Apparently few if any of the taxing authorities have been willing to execute such a release.

If the problems between ConRail and the Trustees cannot be amicably adjusted promptly by the parties, the matter is one for the Special Court to resolve. As between the taxing authorities and the taxpayer, whoever that may be, this sort of impasse does not provide a persuasive reason for exempting the taxpayer from interest or penalties. Moreover, it may be that the prospect of incurring these additional costs may provide some impetus toward prompt resolution of the controversy.

Taking all of these arguments into account, I have concluded that the Trustees should be required to pay the principal amount of all taxes chargeable to them for the period after January 1, 1977, together with interest thereon to the extent mandated by applicable law, but exclusive of penalties, except to the extent that such penalties are initially imposable from and after July 1, 1977. If implementation of this

directive poses practical difficulties not now appreciated by the Court, counsel may seek appropriate modification of the Order now entered.

## ORDER NO. 3012

AND NOW, this 10th day of June, 1977, upon consideration of the "Petition of the Penn Central Trustees for Relief From Order No. 70 (Doc. No. 420) to Permit the Payment of Real Estate and Other Taxes Due for the Period Subsequent to January 1, 1977" (Petition), and other pleadings submitted by other parties, and upon hearing of the same, it is hereby ORDERED:

1. The Petition is GRANTED.

2. Paragraph 2 of Order No. 70 is amended to permit the Trustees to pay currently all taxes, together with interest if any, and together with any penalties which may initially arise or accrue on or after July 1, 1977, lawfully assessed against the properties in their possession or lawfully applicable to the activities of the Penn Central enterprise for the period subsequent to January 1, 1977.

3. All payments made pursuant to this Order shall be construed as payments of current taxes and all tax claimants are directed that such payments shall be credited as payments of 1977, or future years, taxes.

4. The provisions and restraints of Order No. 70 with respect to all taxes assessed for the period prior to and including December 31, 1976, will remain in effect, except where by Order of this Court or pursuant to § 605 of the Regional Rail Reorganization Act of 1973, as amended, such taxes may be paid or compromised.